UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY, *ET AL.*,

    Plaintiffs,
v.                          Case No. 8:09-cv-33-T-33EAJ

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P., *ET AL.*

    Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Plaintiffs' Verified Motion for Default Judgment by Clerk against Defendants Black Enterprise/Greenwich Street Corporate Growth Management, LLC, Black Enterprise/Greenwich Street Corporate Growth Investors, LLC, Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., Jeffery Scott, and Ed A. Williams (the "Motion for Default Judgment" Doc. # 81), which was filed on May 20, 2009.

On May 27, 2009, Defendants Black Enterprise/Greenwich Street Corporate Growth Investors, LLC ("BE/GS Investors"), Black Enterprise/Greenwich Street Corporate Growth Partners, LP ("BE/GS Partners"), Jeffery Scott ("Scott"), and Ed A. Williams ("Williams") (collectively the "Defaulted Defendants") filed a Response in Opposition to the Motion for

Default Judgment (Doc. # 91).[1]

In addition, on May 21, 2009, the Defaulted Defendants filed a Motion to Set Aside Defaults, Memorandum of Law for the Extension of Time to respond to the Amended Complaint and Certificate of Compliance with Local Rule 3.01(g) (the "Motion to Set Aside Defaults" Doc. # 85). Plaintiffs filed a Response in Opposition to the Motion to Set Aside Defaults on May 21, 2009. (Doc. # 86).

For the reasons that follow, the Court will grant the Motion to Set Aside Defaults and will deny the Motion for Default Judgment.

I. **Procedural History**

On January 9, 2009, Plaintiffs initiated this action by filing the complaint against the Defaulted Defendants as well as other Defendants, including but not limited to D.B. Zwirn Special Opportunities Fund, L.P. ("Zwirn") and Straight Way

---

[1] It appears that counsel for the Defaulted Defendants, who also represents Defendant Black Enterprise/Greenwich Street Corporate Growth Management, LLC ("BE/GS Management") mistakenly omitted BE/GS Management from the response to the Motion for Default Judgment and from the Motion to Set Aside Defaults. As with the other Defaulted Defendants, the clerk entered a default against BE/GS Management, and a motion for default judgment is pending against BE/GS Management. This Court will include BE/GS Management within the definition of the "Defaulted Defendants" in the present Order for the sake of convenience and in an effort to effectuate the intent of the parties.

Radio, LLC. ("Straight Way") (Doc. # 1). On February 24, 2009, Defendants Zwirn and Straight Way filed a motion to dismiss the complaint. (Doc. # 16).

On March 2, 2009, the Defaulted Defendants filed their unopposed motion for extension of time to respond to the complaint, which this Court granted on March 3, 2009, allowing the Defaulted Defendants until March 16, 2009, to file a response. (Doc. ## 17, 18). On March 16, 2009, the Defaulted Defendants filed their second motion for extension of time to respond to the complaint. (Doc. # 21). Once again, the Court granted the requested extension and allowed the Defaulted Defendants until April 3, 2009, to respond to the complaint. (Doc. # 22).

On March 17, 2009, before the Defaulted Defendants filed a response to the complaint, Plaintiffs filed an amended complaint. (Doc. # 25). On April 3, 2009, the Defaulted Defendants filed a motion for extension of time to respond to the amended complaint. (the "Penultimate Extension Motion" Doc. # 28).

In the Penultimate Extension Motion, the Defaulted Defendants explained, "Plaintiffs have now informed BE/GS Defendants, Scott, and Williams that they intend to seek leave to file a Second Amended Compliant." (Doc. # 28 at 2).

Accordingly, in an effort to obviate the need to respond to multiple versions of the complaint, the Defaulted Defendants requested in the Penultimate Extension Motion, "an enlargement of time to respond to the First Amended Complaint (Doc. # 25) . . . up to and including 13 business days from the date of either one of the following: (a) a second amended complaint is filed, or (b) the Court enters an order denying Plaintiffs' forthcoming Motion for Leave to File a Second Amended Complaint." (Doc. # 28 at 1-2).

On April 7, 2009, as predicted by the Defaulted Defendants and with one amended complaint already on file, Plaintiffs filed a motion for leave to file a second amended complaint. (Doc. # 29). Along with the motion for leave to file a second amended complaint, Plaintiffs filed an emergency motion for a temporary restraining order and preliminary injunction (the "Emergency Motion for Injunctive Relief" Doc. # 30).

On April 9, 2009, the Court entered an Order staying adjudication of the Emergency Motion for Injunctive Relief pending adjudication of the motion for leave to file a second amended complaint. (Doc. # 32). In the same Order, the Court granted the Penultimate Extension Motion. (Doc. # 32). Also on April 9, 2009, Plaintiffs filed a motion for class

certification. (Doc. # 33).

One day later, on April 10, 2009, Plaintiffs withdrew their emergency motion for injunctive relief (Doc. # 30), their motion for leave to file a second amended complaint (Doc. # 29), and their motion for class certification (Doc. # 33). (Doc. # 34, 35).

Three days later, on April 13, 2009, Plaintiffs filed a second motion to certify class. (Doc. # 36). On May 11, 2009, counsel for the Defaulted Defendants moved to withdraw from representing the Defaulted Defendants and also moved for an extension of time, until and including May 31, 2009, for the Defaulted Defendants to respond to the amended complaint. (Doc. # 60). Plaintiffs opposed the requested withdrawal of counsel for the Defaulted Defendants as well as the requested extension of time. (Doc. # 63).

On May 19, 2009, with proof of service of the original complaint for each of the Defaulted Defendants on file, Plaintiffs moved for the entry of clerk's default against "Jeffery Scott, Ed Williams, Black Enterprise Street Corporate Growth Investments and Black Enterprise Corporate Growth Partners." (Doc. # 74 at 1). In a separate motion, Plaintiffs moved for a Clerk's Default against BE/GS Management. (Doc. # 79). The Clerk entered a Rule 55(a), Fed.R.Civ.P., Default

against Scott (Doc. # 75), Williams (Doc. # 76), BE/GS Investors (Doc. # 77), and BE/GS Partners (Doc. # 78) on May 19, 2009, and against BE/GS Management on May 20, 2009. (Doc. # 80).

Thereafter, Plaintiffs filed the Motion for Default Judgment. (Doc. # 81). The Defaulted Defendants immediately filed a motion to substitute counsel (Doc. # 82), which Plaintiffs opposed. (Doc. # 84).

## II. **Analysis**

In the Motion for Default Judgment, Plaintiffs seek "default judgment by the Clerk in the amount of $4,264,741.94." (Doc. # 81 at 3). Plaintiffs specify in their scant, seven-page Motion for Default Judgment (including affidavits) that "Judgment should state that Defendants owe Plaintiff Glenn Cherry $1,889,385.22 and Plaintiff Charles Cherry $2,375,356.72." (Doc. # 81).

The Defaulted Defendants have both moved to set aside the defaults upon which the Motion for Default Judgment is predicated and have filed a response in opposition to the Motion for Default Judgment.

### **Default Analysis**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with

disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (Because "this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

In addition, Rule 55(c) of the Federal Rules of Civil Procedure states that "The court may set aside an entry of default for good cause." The Eleventh Circuit has noted that:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. . . . [I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir.

7

1996)(internal citations omitted).

The Defaulted Defendants assert that they have not acted willfully in failing to respond to the original complaint. The record supports this argument. During the firestorm of filings by Plaintiffs, especially when the complaint, amended complaint, and motion for leave to file a second amended complaint were all pending at the same time, the identity of the operative complaint was uncertain. The lengthy procedural history outlined above, including the multiple motions for extension of time filed by the Defaulted Defendants, attests to the difficulty the Defaulted Defendants faced in their efforts to respond to Plaintiffs' ever changing allegations. Furthermore, because the original complaint was amended, the Court is not certain that a Clerk's default, predicated on service of the original complaint, was appropriate.

Furthermore, the Defaulted Defendants contend that they have secured new counsel and are ready to proceed with meritorious defenses to Plaintiffs' allegations. Among other things, the Defaulted Defendants assert that the complaint is a "shotgun" pleading, that Plaintiffs lack standing to bring their cause of action against the Defaulted Defendants, and that Plaintiffs are entitled to no relief whatsoever in this action. (Doc. # 85 at 5-6).

Upon due consideration, the Court finds that the Defaulted Defendants have demonstrated good cause in support of their request to set aside the Defaults entered against them by the Clerk. The Clerk is directed to set aside the Defaults (Doc. ## 75, 76, 77, 78, 80). Because the Court has set aside the aforementioned Clerk's Defaults, the Motion for Default Judgment is due to be denied as moot.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Verified Motion for Default Judgment by Clerk against Defendants Black Enterprise/Greenwich Street Corporate Growth Management, LLC, Black Enterprise/Greenwich Street Corporate Growth Investors, LLC, Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., Jeffery Scott, and Ed A. Williams (Doc. # 81) is **DENIED AS MOOT.**

(2) The Motion to Set Aside Defaults, Memorandum of Law for the Extension of Time to respond to the Amended Complaint and Certificate of Compliance with Local Rule 3.01(g) (Doc. # 85) is **GRANTED**.

(3) The Clerk is directed to set aside entry of defaults as specified in this Order (Doc. ## 75, 76, 77, 78, 80).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u>

day of October 2009.

                                        VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record