UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY,
CHARLES W. CHERRY, II, ESQ., and
GROUP ASSETS, LLC,

    Plaintiffs,

vs.                                            Case No. 8:09-cv-0033-T33-EAJ

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.; DANIEL B. ZWIRN; PETER LIEBERMAN;
BLACK ENTERPRISE/GREENWICH STREET CORPORATE
GROWTH INVESTORS, LLC; TED BOLTON; BLACK
ENTERPRISE/GREENWICH STREET CORPORATE
GROWTH PARTNERS, L.P.; STRAIGHT WAY RADIO, LLC;
BERNARD RADIO, LLC; CHRIS MCMURRAY; JEFFERY SCOTT;
ED A. WILLIAMS; and TAMA BROADCASTING, INC.,

    Defendants.
_____/

**ZWIRN DEFENDANTS' MEMORANDUM IN OPPOSITION TO CHERRY
GROUP, LLC, DR. GLENN W. CHERRY, CHARLES W. CHERRY, II, AND
GROUP ASSETS' MOTION TO TRANSFER AND CONSOLIDATE**

**Introduction**

Defendants Fortress Value Recovery Fund I LLC ("VRF") (formerly known as D.B. Zwirn Special Opportunities Fund, L.P.); Daniel B. Zwirn; Peter Leibman (incorrectly identified as Peter Lieberman); Chris McMurray; Straightway Radio, LLC; and Bernard Radio, LLC (collectively, the "Zwirn Defendants") hereby file this memorandum in opposition to the Motion to Transfer and Consolidate (Doc. No. 171) filed by Plaintiffs, Dr. Glenn W. Cherry ("Glenn Cherry"), Charles W. Cherry, II ("Charles Cherry"), and Group Assets, LLC ("Group Assets") (collectively, "Plaintiffs"),

16058361.3

and Cherry Group, LLC ("Cherry Group"), who is not a named party to this action. Plaintiffs seek the transfer of the instant action to Judge Marcia Morales Howard and its consolidation with the case styled Tama Broadcasting, Inc. v. D.B. Zwirn Opportunities Fund, L.P., Case No. 3:08-cv-222-J-33TEM (the "Jacksonville Action").

The motion to transfer and to consolidate must be denied because (i) the sole remaining Plaintiff in the Jacksonville Action, Cherry Group, is not a plaintiff in this action; (ii) there is no operative complaint in the Jacksonville Action, and Cherry Group will not be able to state a claim there; and (iii) the instant litigation involves many more parties, purported causes of action, and legal issues than the Jacksonville Action. Moreover, Cherry Group has previously stated in two status reports, copies of which are attached hereto as Composite Exhibit 1, that the Jacksonville Action should be transferred to this Court and consolidated with the instant litigation. See Cherry Group, LLC Status Reports (Docs. 94 and 98, Jacksonville Action) at 1 (emphasis added). This abrupt change of approach casts doubt on Plaintiffs' motive for seeking transfer and consolidation, which comes after the instant litigation has been pending concurrently with the Jacksonville Action for nearly a year, but just 16 days after this Court denied former counsel for Plaintiffs, Percy Squire's, motion for pro hac vice admission. Accordingly, the Court should exercise its discretion and deny Plaintiffs' motion.

**Background**

The Jacksonville Action

The Amended Verified Complaint in the Jacksonville Action was filed in Florida state court on February 8, 2008, by Charles Cherry, purportedly as counsel for Tama

Radio Licenses of Jacksonville, Florida, Inc.; Tampa Broadcasting, Ltd.; Tama Group, L.C.; Tama Broadcasting Group of Florida, L.C.; Tama Radio Licenses of Tampa, Florida, Inc.; Tama Radio Licenses of Savannah, Georgia, Inc; and Tama Broadcasting, Inc. (collectively, the "Tama Parties"). For some reason, Cherry Group was identified as an additional plaintiff, most likely to provide its principals, Charles and Glenn Cherry, with an opportunity to pursue VRF vicariously through Cherry Group. On March 3, 2008, the Amended Verified Complaint was removed to the Middle District of Florida, Jacksonville Division, where it since has remained pending.

The Tama Parties either own and operate radio broadcasting stations in Florida and Georgia or hold the FCC-issued broadcasting licenses for those stations.[1] Amended Verified Complaint (Doc. 2, Jacksonville Action) at ¶ 1. VRF is the senior secured creditor of the Tama Parties under a financing agreement, amended financing agreement, and security agreement through which the Tama Parties borrowed funds to, among other things, refinance their radio stations. Id. at ¶¶ 2, 6, 7. Cherry Group is not a party to the agreements between the Tama Parties and VRF, nor is it a party to any agreement with any of the other defendants, and only "provides management services to the Tama radio stations and performs management functions in connection with the Tama Parties . . . ." Id. at ¶ 1.

The Jacksonville Action was initiated against VRF purportedly in an attempt to preclude VRF from enforcing its contractual right to sell the Tama Parties' assets after

---

[1] For purposes of this motion, all factual allegations of the Amended Verified Complaint are taken as true, regardless of their veracity or accuracy.

the Tama Parties defaulted on the financing agreement with VRF (Count I), and a preliminary and permanent injunction requiring VRF to cease and desist any alleged interference with the Tama Parties' radio licenses (Count II). <u>See</u> Amended Verified Complaint (Doc. 2, Jacksonville Action) at 10.

As detailed in the Tama Parties' Motion for Order Approving Substitution of Counsel (Doc. 30, Jacksonville Action), a copy of which is attached hereto as Exhibit 2, Glenn and Charles Cherry, among others, were removed from their officer positions within certain of the Tama Parties in May 2008. <u>See</u> Tama Parties' Motion for Order Approving Substitution of Counsel (Doc. 30, Jacksonville Action) at ¶¶ 8-12. In July 2008, the Tama Parties terminated Percy Squire[2] and Charles Cherry as their counsel. <u>See</u> Tama Parties' Motion for Order Approving Substitution of Counsel (Doc. 30, Jacksonville Action) at ¶¶ 14-17. On July 16, 2008, the Tama Parties moved to substitute Bush Ross, P.A. as counsel. <u>See generally</u> <u>id.</u> During a hearing held on August 14, 2008, Magistrate Judge Thomas E. Morris granted that motion from the bench, which ruling later was incorporated into a written order on August 27, 2008. <u>See generally</u> Order (Doc. 52, Jacksonville Action). In the interim, on August 19, 2008, Percy Squire filed a Notice of Appeal (Doc. 50, Jacksonville Action), purportedly on behalf of both Cherry Group and the Tama Parties, in an attempt to appeal Judge Morris's Order granting the substitution of Bush Ross as counsel and an Order (Doc. 43, Jacksonville Action) entered

---

[2] Mr. Squire had been admitted pro hac vice to represent the plaintiffs in the Jacksonville Action on May 22, 2008. <u>See</u> Endorsed Order (Doc. 17, Jacksonville Action).

by Judge Howard denying as moot the plaintiffs' verified motion for temporary restraining order and preliminary injunction.

On October 17, 2008, the Tama Parties filed a Notice of Voluntary Dismissal Without Prejudice (Doc. 72, Jacksonville Action). The Jacksonville Action continued to progress until Judge Howard entered an Order (Doc. 79, Jacksonville Action) staying the case pending resolution of the appeal (the "Stay Order"). The Stay Order directed the parties to file a status report on March 5, 2009, and every sixty days thereafter, and also to file a motion to reopen the case upon resolution of the appeal. On January 16, 2009, the Eleventh Circuit denied the appeal. See Doc. 80, Jacksonville Action. On January 20, 2009, Cherry Group moved to reopen the case and for an order vacating all orders entered after August 14, 2008. See Doc. 81, Jacksonville Action.

On May 7 and September 18, 2009, Cherry Group filed status reports recommending that the Jacksonville Action "be transferred to and consolidated with 8:09-cv-33," i.e., this action. Status Reports (Docs. 94 and 98, respectively, Jacksonville Action) at 1.

On November 25, 2009, Judge Howard entered an Order (Doc. 102, Jacksonville Action) that reopened the Jacksonville Action, denied Cherry Group's motion to vacate all orders entered after August 14, 2008, dismissed the case as to the Tama Parties, and afforded only plaintiff Cherry Group until December 11, 2009, to file an appropriate amended complaint in its name only. On December 11, 2009, Cherry Group filed a motion for an extension of time to file an amended complaint (Doc. 104, Jacksonville Action), which motion is fully briefed and awaiting a ruling by Judge Howard or

Magistrate Judge Thomas. As of the filing of this response, Cherry Group has not filed, to the Zwirn Defendants' knowledge, any amended complaint.

The Instant Litigation

Glenn and Charles Cherry and Group Assets initiated the instant litigation on January 9, 2009–a mere three days after Judge Howard entered the Stay Order–to pursue their claims in this Court.[3] As in the Jacksonville Action, Percy Squire and Charles Cherry served as counsel for the plaintiffs. The operative Amended Complaint (Doc. 25) contains thirteen alleged causes of action against twelve defendants. In the interest of efficiency, the Zwirn Defendants will not recite the background of the instant litigation here and instead respectfully direct the Court to pages two through four of the Zwirn Defendants' Joint Motion to Dismiss Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law (Doc. 46).

On November 24, 2009, this Court entered an Order (Doc. 169) denying Percy Squire's Motion for Pro Hac Vice Admission. Approximately two weeks later, on December 10, 2009, Plaintiffs moved to transfer this case and consolidate it with the Jacksonville Action notwithstanding that the plaintiffs in the Jacksonville Action unequivocally stated in two separate filings that the Jacksonville Action should be consolidated with this action and transferred to this Court. See Amended Motion to Transfer and Consolidate (Doc. 103).

---

[3] WHYZ Radio, LLC was initially named as a plaintiff in this litigation but was later dropped as a party in the Amended Complaint.

**Rules and Legal Standard**

Local Rule 1.03(c) provides the procedure for transferring a related case to a different judge. That rule states, in pertinent part:

> If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. . . .

Local Rule 1.03(c).

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42(a) "is <u>permissive and vests a purely discretionary power in the district court</u>. 'An exercise of such power may be reviewed on appeal from a final judgment or order but will not be disturbed except for abuse of discretion.'" <u>Whiteman v. Pitrie</u>, 220 F.2d 914, 918 (5th Cir. 1955) (citing 5 Moore's Federal Practice, 2nd ed., Para. 42.02, at 1204) (emphasis added)). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal citations and quotations omitted).

In exercising its authority regarding consolidation, the Court must evaluate:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial re-sources posed by multiple lawsuits, the

> length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982)).

Local Rule 1.03(d) sets forth the procedure for effecting the consolidation of two related cases and provides, in pertinent part:

> If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42.Fed.R.Civ.P., or Rule 13, Fed. R. Cr. P. . . .

Local Rule 1.03(d).

## **Argument**

The Court should deny Plaintiffs' Motion to Transfer and Consolidate because the two actions at issue in the motion do not involve the same plaintiffs. Cherry Group, the sole remaining plaintiff in the Jacksonville Action, is not a party to this action, and the plaintiffs in this action are not parties to the Jacksonville Action. Moreover, Cherry Group has no debtor-creditor relationship, or any other type of relationship, with VRF, a senior creditor of the Tama Parties. Here, Plaintiffs purport to bring a shareholder derivative action on behalf of Tama Broadcasting, Inc. based upon Tama's creditor-debtor relationship with VRF. Consequently, the Court should deny Plaintiffs' motion for transfer and consolidation.

Additionally, the fact that there is no operative complaint in the Jacksonville Action further militates against Plaintiffs' motion. All of Plaintiffs' claims in the Jacksonville Action have been dismissed as to the Tama Parties, and Cherry Group (the

only remaining plaintiff) has not filed an amended complaint of its own despite Judge Howard's Order mandating that such amended complaint be filed by December 11, 2009. It cannot be said that there are common questions of law or fact in the instant litigation and the Jacksonville Action without even knowing what claims Cherry Group will allege, if any. Furthermore, Magistrate Judge Jenkins' December 23, 2009, Report and Recommendation (Doc. 173) recommending that this case be dismissed in its entirety further shows that there cannot be common questions of law or fact in the two actions. Thus, the Court should not transfer the instant action to Judge Howard, and the cases should not be consolidated.

Furthermore, Cherry Group will not be able to allege any claim against VRF in the Jacksonville Action. Cherry Group does not have a debtor-creditor or any other type of relationship with VRF that would confer standing upon Cherry Group to sue VRF. In fact, the allegation that "Cherry Group . . . provides management services to the Tama radio stations and performs management functions in connection with the Tama Parties . . . .," Amended Verified Complaint (Doc. 2, Jacksonville Action) at ¶ 1, is tantamount to an admission that Cherry Group should never have been a plaintiff in the Jacksonville Action in the first place. As such, it would be futile for the Court to transfer the instant litigation to Judge Howard for consolidation with the Jacksonville Action, and Plaintiffs' motion should be denied.

In addition, Cherry Group's current position is wholly inconsistent with its earlier position that the Jacksonville Action should be transferred to this Court and consolidated with the instant action. See Status Reports (Docs. 94 and 98, respectively, Jacksonville

Action) at 1. When coupled with the motion's closeness in time to the Order denying Percy Squire's motion for pro hac vice admission in this action, Cherry Group's newfound position that this action should be consolidated with the Jacksonville Action–where Mr. Squire is still admitted pro hac vice–suggests that Plaintiffs are attempting to forum shop. Both Cherry Group and Plaintiffs in this litigation are represented by the same attorneys. Now that this Court has denied Percy Squire's motion for pro hac vice admission, counsel for Plaintiffs are attempting to transfer the litigation to Judge Howard. To grant Plaintiffs' motion would result in a frustration of the purposes of Rule 42 and the local rules. Accordingly, the Court should exercise its discretion and deny the motion to transfer and consolidate.

Last, the transfer of this action to Judge Howard and its consolidation with the Jacksonville Action would result in an unfair and unnecessary burden on the Zwirn Defendants, as well as the other defendants in this action. As highlighted by Tama Broadcasting, Inc. in its response in opposition to Plaintiffs' motion for transfer and consolidation, with the exception of Plaintiffs and Cherry Group, all parties in this litigation and the Jacksonville Action have lead counsel located here in Tampa. See Doc. 172 at 5-6. Tama Broadcasting, Inc. is headquartered in Tampa, and most of the witnesses also are located here. Moreover, Plaintiffs chose to initiate the instant litigation in the Tampa Division more than a year ago and did so only three days after Judge Howard entered an order staying the Jacksonville Action. Plaintiffs had the option of filing suit in the Jacksonville Division at that time, but likely did not do so given the entry of the Stay Order. Plaintiffs should not be afforded an opportunity to re-litigate their

claims as part of the Jacksonville Action now when they apparently did not see any benefit in doing so at the time they filed this lawsuit. Hence, Plaintiffs' Motion to Transfer and Consolidate should be denied.

## Conclusion

The plaintiffs in the instant litigation and the Jacksonville Action are not the same. Moreover, there is not even an operative complaint in the Jacksonville Action, and Cherry Group cannot state a claim on its own in that litigation. Plaintiffs' attempt to transfer this litigation is a thinly veiled attempt to avoid this Court's adverse ruling denying Percy Squire's motion for pro hac vice admission. As such, the Court should deny the Plaintiffs' motion to transfer this case and consolidate it with the Jacksonville Action.

Respectfully submitted,

/s/ Fentrice D. Driskell
David Hywel Leonard
Florida Bar No. 0296376
D. Matthew Allen
Florida Bar No. 0866326
Fentrice D. Driskell
Florida Bar No. 0833851
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
hleonard@carltonfields.com
mallen@carltonfields.com
fdriskell@carltonfields.com
Attorneys for the Zwirn Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of this Court on December 24, 2009, using the CM/ECF system, which will serve a notice of filing upon the filing users.

                                                         /s/   Fentrice D. Driskell
                                                                       Attorney