SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: I.A.S. PART 17
-----------------------------------------------------------------X
D.B. ZWIRN SPECIAL OPPORTUNITIES FUND,
L.P.,

                        Plaintiff,

   -against-

TAMA BROADCASTING, INC. TAMA
RADIO LICENSES OF TAMPA FLORIDA,
INC., and TAMA RADIO LICENSES OF
JACKSONVILLE, FLORIDA, INC.,

                        Defendants.
-----------------------------------------------------------------X

Index No. 600692/08

FILED
OCT 05 2009
COUNTY CLERK'S OFFICE
NEW YORK

**EMILY JANE GOODMAN, J.S.C.:**

    The motion by the Court appointed Receiver for civil and criminal contempt against Glenn W. Cherry and Charles Cherry, directors of Defendant TAMA Broadcasting, Inc. (TAMA), and their attorney Percy Squire, for allegedly conspiring with them, is denied. The Receiver claims that the Cherry's participation in a lawsuit in Hillsborough County Court Florida, the Cherry's filing of objections with the FCC through their attorney Percy Squire, and the Cherry's threat to seek a restraining order against the Receiver in a lawsuit in Jacksonville Florida and to sue the Receiver, was in contempt of the Court order, dated September 5, 2008 (the Order).

    However, the Cherrys and Percy Squire have not disobeyed an unequivocal mandate of this Court. The Receiver points to paragraph 6 of the Order, which provides that "Defendants and their respective officers, directors, employees, principals, agents, representatives and other persons acting in concert or participation with them shall fully cooperate, and shall not interfere, with the Receiver's efforts to effectuate the terms of this Order." The words immediately following this language (all which was drafted by Plaintiff) was deleted by the Court "and (ii) are

enjoined from either directly or indirectly taking any actions or causing any action to be taken that would dissipate or diminish the value of the Collateral, including interfering with Receiver's management and control of the Collateral and exercise of his powers pursuant to this Order." Accordingly, given the deletion, Receiver has not demonstrated that an unequivocal, unambiguous, mandate was violated. Notably, the Order did not restrain the Cherrys or Percy Squire from participation in litigation or FCC proceedings, nor would the Court have do so under the circumstances of this case, given the Court's concern that such restraint infringes on access to the courts and/or other similar proceedings. To the extent that the Cherrys' participation in litigation or other proceedings is frivolous and has increased Defendant TAMA's expenses, the remedy lies with the court presiding over that litigation or the FCC.

It is hereby

The motion for contempt is denied.

**This Constitutes the Decision and Order of the Court.**

Dated: September 30, 2009

ENTER: _____
J.S.C.
**EMILY JANE GOODMAN**

FILED
OCT 05 2009
COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **EMILY JANE GOODMAN**     PART 17
               Justice

DB Zwirn

- v -

INDEX NO. 600692/08
MOTION DATE _____
MOTION SEQ. NO. 008
MOTION CAL. NO. _____

MMd Broadcasting

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes ☑ No

Upon the foregoing papers, It is ordered that this motion is decided per attached

FILED
OCT 05 2009
COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 9/30/09

               J.S.C.

Check one: ☐ FINAL DISPOSITION    ☑ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST    ☐ REFERENCE

**EMILY JANE GOODMAN**