UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DR. GLENN W. CHERRY, CHARLES W.
CHERRY, ESQ., and GROUP ASSETS,
LLC,**

       **Plaintiffs,**

v.

**D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P., BLACK ENTERPRISE/
GREENWICH STREET CORPORATE
GROWTH INVESTORS, LLC, BLACK
ENTERPRISE/GREENWICH STREET
CORPORATE GROWTH PARTNERS,
L.P., STRAIGHT WAY RADIO, LLC,
BERNARD RADIO, LLC, CHRIS
MCMURRAY, JEFFREY SCOTT, ED A.
WILLIAMS, and TAMA BROADCASTING,
INC.**

       **Defendants**.                    /

CASE NO.: 8:09-CV-0033-T-33-EAJ

### TAMA BROADCASTING, INC.'S RESPONSE IN OPPOSITION TO OBJECTIONS OF DR. GLENN W. CHERRY, CHARLES W. CHERRY II, AND GROUP ASSETS, LLC TO DECEMBER 23, 2009 REPORT AND RECOMMENDATION

Nominal Defendant Tama Broadcasting, Inc. ("**TBI**"), through counsel and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, hereby responds to the Objections of Dr. Glenn W. Cherry, Charles W. Cherry II, and Group Assets, LLC (**"Plaintiffs' Objection"**) to the December 23, 2009 Report and Recommendation (the "**Report and Recommendation**"), and states:

The Report and Recommendation recommends correctly that each of the four pending motions to dismiss should be granted. Plaintiffs' Objection fails to raise a single valid argument that the Report and Recommendation incorrectly applies the applicable law. They simply do not like the result. Plaintiffs' Objection is but another filing on the mountain of paperwork caused

by Plaintiffs' intentional and vexatious litigation tactics designed solely to multiply litigation that was resolved by the Supreme Court of the State of New York's appointment of a temporary receiver to prevent the Plaintiffs from further depleting the value of Tama's assets.[1] The Supreme Court of the State of New York appointed Mr. Scott Savage as a temporary receiver over TBI and all of its assets.

From the beginning, the Plaintiffs' litigation strategy has been to extort a favorable outcome for themselves by multiplying litigation in as many federal and state courts as possible to increase the cost of litigation for the receivership, Tama and Tama's lenders, shareholders and directors. Such litigation tactics are accurately described in TBI's Motion to Dismiss Amended Complaint and Memorandum of Law (Dkt. 104) (**"TBI's Motion"**) and accurately updated in Defendant D.B. Zwirn Special Opportunities Fund, L. P.'s Notice of Motion to Transfer and Consolidate (Dkt. 177). To spare the Court, TBI will not restate them here.

As set forth in TBI's Motion and recognized in the Report and Recommendation, the Amended Complaint should be dismissed for failure to join the court appointed Receiver of TBI and all counts of the Amended Complaint asserted derivatively on TBI's behalf should be dismissed under Rule 23.1 of the Federal Rules of Civil Procedure. Furthermore, contrary to the Plaintiffs' Objection, the Report and Recommendation gives adequate consideration to the context in which Plaintiffs' claims are brought. Plaintiffs simply misunderstand the Supreme Court's holding in *Ashcroft v. Iqbal*, 1295 S. Ct. 1937 (2009). Also contrary to Plaintiffs' Objection, the Supremacy Clause does not preclude dismissal of a federal action for failing to join a state court appointed receiver.

---

[1] *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc., Tama Radio Licenses of Savannah, Georgia, Inc., Tama Radio Licenses of Tampa, Florida, Inc., and Tama Radio Licenses of Jacksonville, Florida, Inc.*, Case No. 600692/2008, Supreme Court of the State of New York, County of New York.

Finally, Plaintiffs' Amended Complaint should be dismissed <u>with prejudice</u> because the entire action is part of the Plaintiffs' intentional and vexatious litigation tactics designed solely to multiply litigation that is already proceeding in other fora. *See Wright v. Standard Insurance Company*, 2008 WL 2070228, *7 (M.D. Fla. 2008) (Covington, J.) (dismissal with prejudice is appropriate when "a party engages in a clear pattern of delay or willful contempt and lesser sanctions would not suffice"). If, however, the Court grants the Plaintiffs leave to amend the pleadings, TBI respectfully requests that the Court enter an order cautioning the Plaintiffs and their counsel from raising or continuing to raise any frivolous claims or engaging in vexatious conduct that multiplies the litigation, including filing claims that are already pending in other fora.

**ARGUMENT**

**I.     The Report and Recommendation properly considers context of claims.**

Relying on *Ashcroft*, Plaintiffs argue that the Report and Recommendation failed to take into account the "industry context." Plaintiffs misconstrue *Ashcroft*, which does not require the Court to exceed the four corners of the complaint to consider industry context. Additionally, the Plaintiffs baldly assert, without any citation that the "industry context" would change the pleading standards under the Federal Rules of Civil Procedure. In determining whether Plaintiffs have stated a claim, the Court should examine the context of the allegations and must rely on its judicial experience and common sense. *Iqbal*, 1295 S. Ct. at 1950. The Amended Complaint, viewed in context, falls short of stating a cause of action.

The law is well settled that when a receiver is appointed, the receiver is a necessary and indispensable party to litigation against the corporation. *See* Rule 19(a) Fed. R. Civ. P.; *Porter v. Sabin*, 149 U.S. 473, 478 (1983); *Crutcher v. Aetna Life Ins. Co.*, 746 F. 2d 1076, 1080 (5th

3

Cir. 1984). Plaintiffs cite no law applicable to the broadcasting industry that relieves Plaintiffs of the obligation to join the receiver. It is also clear that the law requires Plaintiffs to make a demand upon the receiver to file the claims prior to filing derivative claims. *Landy v. FDIC*, 486 F.2d 139, 147 (3d Cir. 1973) (stating general rule that demand to bring suit on behalf of corporation must be made on receiver rather than directors); *In re Sunrise Sec. Litig.*, 916 F.2d 874, 879 & n.5 (3d Cir. 1990) (same). Plaintiffs have not alleged that the required demand was made. Regardless of the "industry context," Plaintiffs must satisfy all conditions precedent and join all necessary and indispensable parties.

## II.     The Supremacy Clause does not preclude dismissal of Amended Complaint.

Plaintiffs contend that the Supremacy Clause of the United States Constitution prohibits dismissal for failure to join the state court appointed receiver. The Report and Recommendation recognizes that the state court has exclusive jurisdiction over an action in which the court has custody of property and is acting pursuant to in rem or quasi in rem jurisdiction. Plaintiffs' Objection cites no authority refuting the state's exclusive jurisdiction over such an action. Instead, Plaintiffs claim that the "Receiver has a conflict of interest and a financial incentive to clock the maximum number of billable hours before he is eventually discharged." It is standard practice for a court appointed receiver to be paid for his or her services. Any objections regarding to the receiver's performance are within the province of the Supreme Court of the State of New York, and are not an excuse for the Plaintiffs' failure to join the receiver in the instant litigation as required by law.

**III.    The Court should dismiss the Amended Complaint with prejudice and caution the Plaintiffs and their counsel from raising frivolous claims or engaging in vexatious litigation.**

Plaintiffs' vexatious litigation tactics are grounds for sanctions under Rule 11 of the Federal Rules of Civil Procedure.    Under Rule 11, a district court may award sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).  Rule 11 imposes an affirmative duty on any attorney signing a pleading to make a reasonable inquiry into both the facts and the law.  *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  A two-step inquiry is required:  (1) whether the claims are objectively frivolous, and (2) whether the person who signed the pleadings knew or should have known the claims are frivolous.  *Id*.  This test requires "reasonableness under the circumstances" and considers "what [] was reasonable to believe at the time" the pleading was submitted.  *Riccard v. Prudential Insurance Company*, 307 F.3d 1277, 1294 (11th Cir. 2002).

The Plaintiffs and their counsel are well aware of the massive federal and state court litigation they have caused in other courts.  The Plaintiffs and their counsel also are aware that the claims brought here relate to the same financing agreements which are the subject of the Supreme Court of the State of New York's receivership order.  Plaintiffs should not be permitted to continue their vexatious litigation tactics.

Plaintiffs' Amended Complaint should be dismissed with prejudice because the entire action is part of the Plaintiffs' intentional and vexatious litigation tactics designed solely to multiply litigation that is already proceeding in other fora.  *See Wright v. Standard Insurance Company*, 2008 WL 2070228 at *7.  Rule 11 sanctions are appropriate when claims are filed for

an improper purpose such as to delay or to hinder or needlessly increase the cost of litigation. *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992). An improper purpose may be shown by a party excessively pursuing a claim or defense despite repeated adverse rulings. *Id.* at 690-691. Filing the same claims in multiple lawsuits infers that the purpose of the litigation was to harass the opposing parties. *See St. Amant v. Boudreaux*, 859 F. 2d 379, 384 (5th Cir. 1988). A party may be sanctioned under Rule 11 for filing repeat litigation of identical claims covering identical subject matter. *See id.; see, e.g. McLaughlin v. Bradlee*, 803 F. 2d 1197, 1209 (D.C. Cir. 1986) (sanctions imposed against plaintiff for filing four suits arising out of the same facts).

TBI respectfully requests that the Court dismiss Plaintiffs' claims with prejudice. If, however, the Court gives the Plaintiffs another opportunity to amend the pleadings, TBI respectfully requests that the Court enter an order cautioning Plaintiffs and their counsel from raising or continuing to raise any frivolous claims or engaging in vexatious conduct that multiplies the litigation, including filing claims that are already pending in other fora. The Eleventh Circuit has cautioned litigants and their attorneys prior to imposing sanctions. *See Pelletier v. Zweifel*, 921 F. 2d 1465, 1518 (11th Cir. 1991) (cautioning that counsel was "treading on mighty dangerous ground and should acquaint himself with Rule 11").[2]

## **CONCLUSION**

For the reasons stated in the Report and Recommendation, Plaintiffs' Amended Complaint should be dismissed. Furthermore, dismissal with prejudice is appropriate. If the

---

[2] United States District Judge James Moody entered a similar order in a Middle District of Florida case "caution[ing] all parties and their counsel from raising or continuing to raise any frivolous claim, defense, or motion or from engaging in vexatious conduct that multiplies the length of this proceeding" and later granted Rule 11 sanctions when the parties and their counsel did not heed the Court's warning. *Custom Manufacturing and Engineering, Inc. v. Midway Services, Inc. et al.*, 8:03-cv-2671-T-30MAP at Dkt. 15 and Dkt. 125.

Court grants Plaintiffs an opportunity to amend, Plaintiffs and their counsel should be cautioned against using intentional and vexatious litigation tactics designed solely to multiply litigation that is already proceeding in other fora.

WHEREFORE, Defendant, Tama Broadcasting, Inc., respectfully requests that Court enter an order dismissing the Plaintiffs' Amended Complaint with prejudice and granting any other relief the Court deems just and proper.

DATED: January 25, 2010                    Respectfully Submitted,

By:   /s/ J. Carter Andersen
    J. Carter Andersen
    Florida Bar No. 0143626
    candersen@bushross.com
    Keith D. Skorewicz
    Florida Bar No. 0583618
    kskorewicz@bushross.com
    BUSH ROSS, P.A.
    P.O. Box 3913
    Tampa, FL 33601-3913
    Tel: (813) 224-9255
    Fax: (813) 223-9620
    *Attorneys for Defendant Tama Broadcasting, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

    /s/ J. Carter Andersen
    Attorney

7

731695.01