UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY,
CHARLES W. CHERRY, II, ESQ., and
GROUP ASSETS, LLC,

    Plaintiffs,

vs.                                           Case No. 8:09-cv-0033-T33-EAJ

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.; DANIEL B. ZWIRN; PETER LIEBERMAN;
BLACK ENTERPRISE/GREENWICH STREET CORPORATE
GROWTH INVESTORS, LLC; TED BOLTON; BLACK
ENTERPRISE/GREENWICH STREET CORPORATE
GROWTH PARTNERS, L.P.; STRAIGHT WAY RADIO, LLC;
BERNARD RADIO, LLC; CHRIS MCMURRAY; JEFFERY SCOTT;
ED A. WILLIAMS; and TAMA BROADCASTING, INC.,

    Defendants.
_____/

## ZWIRN DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS <u>AMENDED COMPLAINT</u>

### Introduction

Defendants D.B. Zwirn Special Opportunities Fund, L.P. (n/k/a Fortress Value Recovery Fund I LLC) (the "VRF Fund"); Daniel B. Zwirn; Peter Leibman (incorrectly identified as Peter Lieberman); Chris McMurray; Straightway Radio, LLC; and Bernard Radio, LLC (collectively, the "Zwirn Defendants") hereby file this reply to Plaintiffs' objections (Doc. 176) to Magistrate Judge Elizabeth A. Jenkins's December 23, 2009, Report and Recommendation (Doc. 173) on Defendants' motions to dismiss the Amended Complaint.

16236500.4

Plaintiffs assert that Magistrate Judge Jenkins's analysis lacks "any context-specific component whatsoever" as well as "the type of judicial experience and common sense" required by <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). <u>See</u> Objections (Doc. 176) at 3. However, none of the authorities cited in Plaintiffs' objections warrant the overruling of any of Magistrate Judge Jenkins's findings. Additionally, Plaintiffs' wrongly attempt to use their objections as an opportunity to read facts and legal assertions into the Amended Complaint that are not in the pleading as presently alleged. The Court's review is limited to allegations in the Amended Complaint, and the Amended Complaint as currently pled fails to state any claim for relief. Accordingly, the Court should reject Plaintiffs' objections and adopt Magistrate Judge Jenkins's Report and Recommendation in its entirety.

<u>**Analysis**</u>

1.  **Plaintiffs' Claims Against the Zwirn Defendants Under 42 U.S.C. §§ 1981 and 1982 Are Subject to Dismissal Because Plaintiffs' Lack Standing to Assert Such Claims.**

Magistrate Judge Jenkins correctly recommended that this Court should dismiss Plaintiffs' purported racial discrimination claims under 42 U.S.C. §§ 1981 and 1982 for lack of standing. Plaintiffs argue that the Report and Recommendation fails to take into account <u>CBOCS West Inc. v. Humphries</u>, 128 S. Ct 1951 (2008). <u>See</u> Objections (Doc. 176) at 3-4. However, <u>CBOCS West Inc.</u> is inapposite. That case does not address whether a shareholder has standing to assert a derivative claim for race discrimination and instead addresses the narrow issue of whether § 1981 encompasses retaliation claims. Plaintiffs do not base their purported § 1981 and § 1982 claims on retaliation, but rather

on the alleged higher interest rates that the VRF Fund charged Tama Broadcasting, Inc. ("Tama"). See Amended Complaint (Doc. 25) at ¶¶ 43-44. CBOCS West Inc. provides no basis upon which to conclude that Plaintiffs have standing to assert a derivative race discrimination claim on Tama's behalf. Accordingly, the Court should adopt the Report and Recommendation's findings and dismiss Plaintiffs' purported claims under §§ 1981 and 1982.

Additionally, Flynn v. Merrick, 881 F.2d 446 (7th Cir. 1989), also cited by Plaintiffs in their Objections, undermines Plaintiffs' position regarding their ability to state a cognizable discrimination claim. See Objections (Doc. 176) at 4. In Flynn, the Seventh Circuit upheld a district court's decision to dismiss a group of shareholder plaintiffs who attempted to bring a discrimination claim under 42 U.S.C. § 1983 for lack of standing. The Seventh Circuit reasoned that "a plaintiff-shareholder cannot maintain a civil rights action for damages suffered by the corporation." 881 F.2d at 450. Plaintiffs' citation of Flynn also undermines Plaintiffs' criticism of the Report and Recommendation for relying in part upon an opinion concerning claims brought pursuant to § 1983 rather than §§ 1981 and 1982.

In sum, Plaintiffs fail to provide any authorities or state any facts to demonstrate that the Court should overrule Magistrate Judge Jenkins's recommendation that the Court should dismiss Plaintiffs' purported § 1981 and § 1982 claims. As such, the Court should adopt Magistrate Judge Jenkins's recommendation and dismiss those claims.

### 2. Plaintiffs Lack Standing to Assert Securities Claims Under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5).

The Court should also adopt Magistrate Judge Jenkins's recommendation and dismiss Plaintiffs' purported securities claims because Plaintiffs lack standing to assert those claims. Plaintiffs rely on their status as Tama's shareholders as the basis to assert their securities claims. However, a temporary receiver has been appointed over Tama and its assets. Thus, Plaintiffs' claims belong to the temporary receiver, and Plaintiffs do not have standing to assert those claims. See Report and Recommendation (Doc. 173) at 9 (citing Garner v. Pearson, 374 F. Supp. 591, 597) (M.D. Fla. 1974)).

In addition, Plaintiffs cannot now attempt to allege that a demand on the temporary receiver "would be futile," see Objections (Doc. 176) at 5, because they have already made a demand on the Tama board of directors to bring this action, see Amended Complaint (Doc. 25) at ¶ 5. Plaintiffs were required to choose "either to make demand or attempt to establish demand futility." Stepak v. Addison, 20 F.3d 398, 412 (11th Cir. 1994) (citing Boeing Co. v. Shrontz, 18 Del. J. Corp. L. 225, 237 (1993)). When taking Plaintiffs' own allegations in the Amended Complaint as true, Plaintiffs' demand upon Tama's board of directors precludes them from asserting any claim of demand futility now. Hence, Plaintiffs provide this Court with no authority to support the overruling of the Report and Recommendation relating to Plaintiffs' securities claims, and the Court should dismiss those claims.

### 3. The Court Does Not Have to Construe as True Plaintiffs' Factual Allegations Relating to their Federal Communications Act Claims Because Documents Central to Plaintiffs' Claims Contradict those Allegations.

The Court should adopt Magistrate Judge Jenkins's recommendation that Plaintiffs' Federal Communications Act ("FCA") claims should be dismissed. First, the licenses about which Plaintiffs' complain <u>do not belong to Plaintiffs</u>. Accordingly, Plaintiffs have no standing to assert their FCA claims. Second, the Court is not required to accept Plaintiffs' allegations relating to their FCA claims as true.

Plaintiffs allege conflicting statements in the Amended Complaint, alleging in paragraph 86 that Defendants caused the premature transfer of a Federal Communications Commission ("FCC") license, <u>see</u> Amended Complaint (Doc. 24) at ¶ 86, while alleging in paragraph 88 that Defendants "<u>attempted</u> to take premature control of the license," <u>see id.</u> at ¶ 88 (emphasis added). Plaintiffs assert that because the standard on a Rule 12(b)(6) motion to dismiss requires the Court to construe the facts in the light most favorable to Plaintiffs, the Court should construe their conflicting allegations regarding control of the radio license to mean that Defendants actually took premature control of the license. <u>See</u> Objections (Doc. 176) at 6.

But, the Court is not required to accept Plaintiffs' allegations regarding control of the FCC license as true because documents central to their claims contradict their factual allegations. Plaintiffs' allegation that Defendants "proposed to separate the physical assets of a radio station from its license," <u>see</u> Amended Complaint at ¶ 88, is a reference to the VRF Fund's proposed UCC sale of the assets that served as security for its loan to Tama. The VRF Fund attached a copy of its second notification of sale as Exhibit 2 to its

Motion to Dismiss (Doc. 46).  Where, as here, "the plaintiff[s] refer[] to certain documents in the complaint and those documents are central to the plaintiff[s'] claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

The notice of sale shows that the VRF Fund was not planning on selling the radio licenses at any UCC sale without the FCC's authorization.  Specifically, the notice states, "[t]he agent shall not foreclose and sell, at the present time, the portion of the foregoing Collateral or Pledged Collateral that constitutes licenses issued by the Federal Communications Commission ("FCC") or stock of the Borrower or subsidiaries of the Borrower that represents control of such licenses."  See Notification of Public Disposition dated February 4, 2008 (Doc. 46-3) at 5.  Hence, the plain language of a document central to Plaintiffs' claims contradicts the allegations as pled in the Amended Complaint.

Moreover, the UCC sale never took place.  Because "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint," Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) (citation omitted), the Court is not bound by Plaintiffs' baseless allegations that Defendants took control prematurely over the FCC licenses.  As such, the Court should

overrule Plaintiffs' objection and adopt Magistrate Judge Jenkins's recommendation that Plaintiffs' FCA claims should be dismissed.

    **4.    Plaintiffs Fail to State a Claim for Aiding and Abetting Breach of Fiduciary Duty, and the Court Should Adopt Magistrate Judge Jenkins's Recommendation Proposing the Dismissal of that Claim.**

Magistrate Judge Jenkins correctly concluded that Plaintiffs fail to state a claim for aiding and abetting breach of fiduciary duty. In the Amended Complaint, Plaintiffs unartfully attempt to allege that the Zwirn Defendants breached a fiduciary duty. See Amended Complaint at ¶ 91 ("The BE Defendants knew that the [Zwirn Defendants] were engaged in breaches of fiduciary duty and other misconduct."). Plaintiffs also seemingly attempt to allege that the Black Enterprise Defendants, in violation of their own fiduciary duty to Tama, aided and abetted the Zwirn Defendants in the breach of the Zwirn Defendants' fiduciary duty. See Amended Complaint at ¶ 21 ("In violation of their fiduciary duties and the relationship of special trust that exists between TBI and BE/GS, Defendants BE/GS, Bolton, Scott and Williams have aided and abetted DBZ's premature assumption of control over TBI.").

By contrast, Plaintiffs allege in their objections that Defendants, including the Zwirn Defendants, "all aided and abetted <u>Scott's and Williams'</u> violation of fiduciary duties to [Tama] . . . ." Objections (Doc. 176) at 7 (emphasis added). This is a wrongful attempt to present the facts in the Amended Complaint as though they were otherwise. Plaintiffs base their allegations in the Amended Complaint upon the Black Enterprise Defendants' alleged aiding and abetting of breaches of fiduciary duty committed by the Zwirn Defendants, not the other way around.

Because Plaintiffs base their aiding and abetting claim on alleged breaches of fiduciary duties committed by the Zwirn Defendants, Plaintiffs must allege that the Zwirn Defendants owe Plaintiffs a fiduciary duty. See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd., No. 05-60080-Civ., 2008 WL 926509, at *5 (S.D. Fla. Mar. 31, 2008) (granting the defendant's motion to dismiss on plaintiff's aiding and abetting fiduciary duty claim where the plaintiff failed to satisfy the threshold matter of alleging the existence of a fiduciary duty). As set forth in the Zwirn Defendant's Motion to Dismiss the Amended Complaint (Doc. 46 at 17-18), Plaintiffs allege no facts to show that the Zwirn Defendants owed Plaintiffs or Tama any fiduciary duty. Plaintiffs' vague allegation that the Zwirn Defendants "were engaged in breaches of fiduciary duty," Amended Complaint at ¶ 91, is not equivalent to an allegation that the Zwirn Defendants actually owed a fiduciary duty. Without this threshold allegation, Plaintiffs' aiding and abetting breach of fiduciary duty claim cannot survive a motion to dismiss. See Court Appointed Receiver of Lancer Offshore, Inc., 2008 WL 926509, at *5.

Moreover, Florida common law strongly militates against any finding that the VRF Fund owed a fiduciary duty to Tama or Plaintiffs. Florida courts "have held that, in the usual creditor-debtor relationship," such as that between the VRF Fund and Tama, "a fiduciary duty does not arise and allegations of superior knowledge of a party's financial condition are generally insufficient to transform the creditor-debtor relationship into a fiduciary relationship." Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp. 850 So. 2d 536, 541 (Fla. 5th DCA 2003)); see also Vision Development Group of Broward County, LLC v. v. TMG Sunrise, LLC, 411 B.R. 768, (S.D. Bankr. 2009) ("In Florida, no

fiduciary duty exists between a lender and borrower, creditor and debtor, or sophisticated parties to an arm's length commercial transaction.") (citations omitted). Accordingly, the Court should adopt Magistrate Judge Jenkins's ruling and dismiss this claim.

5. **The Report and Recommendation Correctly Acknowledges that No Florida Statute or Case Has Recognized Improvident Lending as a Viable Cause of Action.**

As acknowledged by Magistrate Judge Jenkins in the Report and Recommendation, "Plaintiffs fail to cite any Florida statute or case law recognizing" improvident lending as a "cause of action." Report and Recommendation (Doc. 173) at 11. Plaintiffs still fail to cite any Florida authority recognizing an improvident lending claim in their Objections to the Report and Recommendation. As such, the Court should overrule Plaintiffs' objection and dismiss Plaintiffs' purported improvident lending claim.

6. **The Court Should Dismiss Plaintiffs' Purported Claims for Alleged Good Faith and Fair Dealing Violations Because the Amended Complaint Contains No Facts that the Zwirn Defendants Breached the Local Marketing Agreement.**

Plaintiffs' objection to Magistrate Judge Jenkins's recommended ruling on their good faith and fair dealing claim fails to point to any facts in the Amended Complaint alleging that the Zwirn Defendants breached a covenant of any agreement. Plaintiffs allege that "[p]aragraph 20 of the Amended Complaint states that Defendants caused the time brokerage agreement (TBA) in this matter to be violated." The Amended Complaint contains no such allegations. Paragraph 20 of the Amended Complaint states, verbatim, "DBZ has continuously since the third quarter of 2007 attempted to obtain, assert and exercise, and continues to exercise control over the [Tama] radio licenses, in violation of federal law, namely § 310(d) of the Federal Communications Act." Doc. 25 at ¶ 20. At

no point in paragraph 20, or in any other paragraph in the Amended Complaint, do Plaintiffs allege that the Zwirn Defendants breached a covenant or any agreement. Hence, the Court should adopt Magistrate Judge Jenkins's proposed ruling and dismiss Plaintiffs' purported breach of covenants of good faith and fair dealing claim.

> **7. Plaintiffs' Tortious Interference Claims Should Be Dismissed Because Plaintiffs Fail to Allege How the Zwirn Defendants Interfered with their Contractual Relations and Prospective Business Advantages.**

The Court should dismiss Plaintiffs' tortious interference claims as recommended by Magistrate Judge Jenkins because Plaintiffs fail to show how the Zwirn Defendants interfered with their existing contractual relationships. Plaintiffs make a blanket assertion in their objection that the Zwirn Defendants "usurped [Tama's] contract with Google . . . ." Objections (Doc. 176) at 9. But, Plaintiffs do not allege any facts regarding the substance of their contract with Google and how the Zwirn Defendants allegedly interfered with Plaintiffs' rights and obligations under the contract.

Plaintiffs also fail to identify any prospective business advantages with which the Zwirn Defendants allegedly interfered. Plaintiffs <u>must</u> allege facts that demonstrate the existence of the prospective business advantage. <u>See</u> <u>Brumer v. HCA Health Services of Florida, Inc.</u>, 662 So. 2d 1385, 1386 (Fla. 4th DCA 1995) (holding that "the complaint did not state a cause of action . . . for intentional interference with a prospective business advantage, because . . . [t]he complaint did not allege interference with a specific relationship"). Plaintiffs' objections cite no facts from the Amended Complaint that would support their allegations. The Report and Recommendation correctly notes that the only allegation Plaintiffs make regarding a prospective business advantage is that

"there were reasonable expectations of prospective financial benefits existing between [Tama] and its unsecured creditors." See Amended Complaint (Doc. 25) at ¶ 106. Without more, Plaintiffs' tortious interference with prospective business advantages claim fails to pass scrutiny under Rule 12(b)(6), and the Court should overrule Plaintiffs' objection.

> 8. **The Court Should Overrule Plaintiffs' Objection to Magistrate Judge Jenkins's Recommended Ruling on Their Florida Whistle-blower's Act Claim Because the Amended Complaint Contains No Allegations that Would Establish an Employer-Employee Relationship Between Glenn Cherry and Any Zwirn Defendant.**

Plaintiffs' objection cites no authority that would save their purported Florida Whistle-blower's Act Claim from the Amended Complaint's absence of any facts alleging that Glenn Cherry had an employer-employee relationship with any Zwirn Defendant. The very purpose of the Florida Whistle-blower's Act is to protect employees from retaliation by their employers under certain circumstances, and an employer-employee relationship is a necessary predicate to any Florida Whistle-blower's Act claim. See Jenkins v. Golf Channel, 714 So. 2d 558, 563 (Fla. 5th DCA 1998) ("The purpose of the Whistle Blower's Act is to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public."). Accordingly, Plaintiffs' objection fails, and the Court should dismiss Plaintiffs' whistle-blower claim as alleged against the Zwirn Defendants.

### 9. Plaintiffs Fails to Show that Tama's Temporary Receiver Is Not an Indispensible Party to Their Purported Shareholders' Derivative Action.

The Court should overrule Plaintiffs' objection to the recommended dismissal of the Amended Complaint as to the Zwirn Defendants pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure because (a) the court-appointed temporary receiver of Tama (the "Temporary Receiver") is an indispensible party to this litigation, and (b) Plaintiffs failed to obtain permission to maintain this action from the state court that appointed the Temporary Receiver.

Plaintiffs assert that "[t]he dismissal of this federal litigation due to the absence of a state-court appointed receiver must also be rejected as contrary to the Supremacy Clause of the United States Constitution." Objections (Doc. 176) at 12. But, Plaintiffs' focus on the Supremacy Clause mis-frames the issue. The relevant inquiry is whether this litigation may proceed in the Temporary Receiver's absence. The Report and Recommendation cites <u>Coyle v. Skirvin</u>, 124 F.2d 934, 938 (10th Cir. 1942), for the proposition that "where a receiver has been appointed for a corporation the receiver is an indispensible party to a stockholder's derivative action." Report and Recommendation (Doc. 173) at 17. Like the instant litigation, <u>Coyle</u> involved a stockholders' derivative action in which the plaintiffs failed to join a <u>state court appointed receiver</u> as a party to the federal lawsuit. 124 F.2d at 935-36. By contrast, Plaintiffs cite no authority where an in rem shareholders' derivative action was allowed to proceed in the absence of a state-court appointed receiver.

Additionally, Plaintiffs' failure to obtain permission to maintain this lawsuit from the receivership court in New York further requires the dismissal of this lawsuit.  See id. at 938; Thorton v. Bernard Technologies Inc., C.A. No. 962-VCN, 2009 Del. Ch. LEXIS 28, at *16 n.31 (Del. Ch. Feb. 20, 2009) (because the receiver is "an indispensible party to a shareholder's derivative suit, . . . the shareholder must therefore make demand on the receiver . . . and also obtain the consent and authorization of the . . . receivership court to bring suit.  Failure to do so warrants dismissal of the action.").  Therefore, the Court should overrule Plaintiffs' objection to the recommendation that this action be dismissed for Plaintiffs' failure to seek permission to maintain this action from the receivership court and to join the Temporary Receiver as an indispensible party.

**Conclusion**

Plaintiffs' objections do not cite to any allegations in the Amended Complaint or legal authorities that would alter the outcome of Magistrate Judge Jenkins's analysis of the Zwirn Defendants' motion to dismiss.  Accordingly, the Court should adopt Magistrate Judge Jenkins's well-reasoned Report and Recommendation and dismiss the Amended Complaint in its entirety as alleged against the Zwirn Defendants.

Respectfully submitted,

/s/  Fentrice D. Driskell
David Hywel Leonard
Florida Bar No. 0296376
D. Matthew Allen
Florida Bar No. 0866326
Fentrice D. Driskell
Florida Bar No. 0833851
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239

Telephone: (813) 223-7000
Facsimile: (813) 229-4133
hleonard@carltonfields.com
mallen@carltonfields.com
fdriskell@carltonfields.com
Attorneys for the Zwirn Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of this Court on January 25, 2010, using the CM/ECF system, which will serve a notice of filing upon the filing users.

      /s/ Fentrice D. Driskell
             Attorney