UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY, ET AL.,

        Plaintiffs,
v.                          Case No.   8:09-cv-33-T-33EAJ

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P., ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the December 23, 2009, report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 173), in which Judge Jenkins recommends that Plaintiffs' Amended Complaint be dismissed.[1] On January 6, 2010, Plaintiffs, Dr. Glenn W. Cherry, Charles W. Cherry II, and Group Assets, LLC, filed objections to Judge Jenkins' report and recommendation (Doc. ## 176, 178, 179), and such objections are ripe for this Court's review.

After careful consideration, the Court adopts Judge Jenkins' report and recommendation and overrules the filed objections.

---

[1] Judge Jenkins' report and recommendation does not specify whether Plaintiffs should be afforded the opportunity to file a second amended complaint in this action. As will be discussed below, the Court determines that dismissal without leave to amend is warranted.

## I. Legal Standard

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## II. Report and Recommendation

In her report and recommendation, Judge Jenkins recommends that the following motions, filed by various Defendants, should be granted:

(1) Defendants D.B. Zwirn Special Opportunities Fund L.P., Straight Way Radio, LLC, Bernard Radio, LLC, Daniel B. Zwirn, and Peter Lieberman's Joint Motion to Dismiss Amended Complaint (Doc. # 46);

  (2) Defendant Ted Bolton's Motion to Dismiss, or Alternatively for a More Definite Statement (Doc. # 90);
  (3) Defendant Tama Broadcasting, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 104); and
  (4) Defendants Black Enterprise/Greenwich Street Corporate Growth Investors, LLC, Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., Jeffrey Scott, and ED A. Williams' Joint Motion to Dismiss Amended Complaint (Doc. # 157).

In addition, Judge Jenkins recommends that "if Plaintiffs are afforded an opportunity to file a second amended complaint, the amended complaint should clearly state which counts are brought derivatively and which are brought directly by Plaintiffs." (Doc. # 173 at 21-22).

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Jenkins' recommendation that the pending motions to dismiss be granted. However, the Court will not allow further amendment of the complaint in this case.

### III. Analysis

The Court has determined that the aforementioned motions to dismiss should be granted. The only remaining question is whether Plaintiffs should be granted leave to once again amend the complaint.[2] "The grant or denial of an opportunity to

---

  [2] Plaintiffs initiated this case on January 9, 2009.
(continued...)

-3-

amend is within the discretion of the district court." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Factors that warrant denial of the opportunity to amend a complaint include undue delay, bad faith or dilatory motive on the part of the plaintiff, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. <u>Id.</u> In the present case, the Court finds that each of these factors is present.

Specifically, the Court finds that any further amendment would be futile, would be filed in bad faith, and would unduly prejudice Defendants. In addition, Plaintiffs have been given ample opportunity to cure procedural and substantive deficiencies and have failed to cure such deficiencies.

Plaintiffs have initiated numerous actions before this Court as well as other tribunals.[3] As aptly stated by Tama

---

[2](...continued)
(Doc. # 1). Plaintiffs filed an amended complaint on March 17, 2009. (Doc. # 25).

[3] This case has manifested itself in the present court (8:09-cv-33-T-33EAJ and 8:09-cv-680-T-33EAJ), the United States District Court for the Middle District of Florida, Jacksonville Division (3:08-cv-222-J-34TEM), the Circuit Court in and for Hillsborough County, Florida Thirteenth Judicial Circuit (Case No. 08-CA-011492 and Case No. 08-CA-023020), the Federal Communications Commission Enforcement Division, Washington D.C. (File No. EB-08-IH-0692), the United States District Court for the Southern District of New York, and the
(continued...)

Broadcasting, Inc. (hereafter, "Tama"), "Plaintiffs' objection is but another filing on the mountain of paperwork caused by Plaintiffs' intentional and vexatious litigation tactics designed solely to multiply litigation that was resolved by the Supreme Court of the State of New York's appointment of a temporary receiver to prevent the Plaintiffs from further depleting the value of Tama's assets." (Doc. # 178 at 1-2).

The Court also agrees with Tama's argument that Plaintiffs have multiplied this "litigation in as many federal and state courts as possible to increase the cost of litigation for the receivership, Tama and Tama's lenders, shareholders and directors." (Doc. # 178 at 2). Quite simply, enough is enough.[4]  Upon due consideration of the entire record, including the report and recommendation, the Court dismisses this case without leave to amend.[5]

---

[3](...continued)
Supreme Court of the State of New York, County of New York (Case No. 600692/2008).

[4] It is also important to note that there is no motion to amend pending before the Court at this time.

[5] Tama requests an Order sanctioning Plaintiffs under Rule 11 of the Federal Rules of Civil Procedure due to Plaintiffs' overt attempts to multiply this litigation. (Doc. # 178 at 5).  At this point, the Court declines to impose monetary sanctions.  The Court determines that dismissal of the case, without leave to amend, is the appropriate sanction
(continued...)

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 173) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this Order for all purposes, including appellate review.

(2) Defendants D.B. Zwirn Special Opportunities Fund L.P., Straight Way Radio, LLC, Bernard Radio, LLC, Daniel B. Zwirn, and Peter Lieberman's Joint Motion to Dismiss Amended Complaint (Doc. # 46) are **GRANTED**.

(3) Defendant Ted Bolton's Motion to Dismiss, or Alternatively for a More Definite Statement (Doc. # 90) is **GRANTED**.

(4) Defendant Tama Broadcasting, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 104) is **GRANTED**.

---

[5](...continued)
for Plaintiffs' abusive practices.  No lesser sanction will suffice in light of Plaintiffs' litigation history.  Filing the same claims in multiple lawsuits infers that the purpose of the litigation was to harass the opposing parties.  See St. Amant v. Bernard, 859 F.2d 379, 384 (5th Cir. 1988)("Repeat litigation of identical claims over identical subject matter may support an inference that the litigation was meant to harass opposing parties"); Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1448 (11th Cir. 1998)("Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings").

(5) Defendants Black Enterprise/Greenwich Street Corporate Growth Investors, LLC, Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., Jeffrey Scott, and ED A. Williams' Joint Motion to Dismiss Amended Complaint (Doc. # 157) is **GRANTED**.

(6) This case is dismissed with prejudice.

(7) The Clerk is directed terminate any remaining pending motions, to enter judgment in favor of Defendants, and to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record