UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DR. GLENN W. CHERRY, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 8:09 CV-33-T33-EAJ |
| | : | |
| vs. | : | |
| | : | Judge Covington |
| D.B. ZWIRN SPECIAL | : | |
| OPPORTUNITIES FUND, L.P., et al. | : | Magistrate Judge Jenkins |
| | : | |
| Defendants. | : | |

## MOTION OF PLAINTIFFS TO STAY PENDING APPEAL

In accordance with the provisions of Fed. R. Civ. P. 62, Plaintiffs respectfully request that the January 27, 2010 Order, Docket no. 180, be stayed pending appeal. A memorandum in support of this motion is attached.

/s/Charles W. Cherry II, Esq.
Charles W. Cherry II, Esq.
5200 SW 18th St.
Plantation, FL 33317
Facsimile: (954) 583-9667
CCherry2@gmail.com

Of counsel:
PERCY SQUIRE (0022010)
PERCY SQUIRE CO., LLC
514 S. High Street
Columbus, Ohio 43215
Telephone: (614) 224-6525
Facsimile: (614) 224-6529
psquire@sp-lawfirm.com
Counsel for Plaintiffs

## MEMORANDUM

In accordance with the provisions of L.R. 3.01(g), Plaintiffs have attempted to confer in good faith with opposing counsel in relation to the relief requested in this motion. Counsel for the Zwirn Defendants and Bolton do not consent. The undersigned will continue to attempt to contact remaining opposing counsel and upon so doing, will supplement this motion.

Under Fed. R. Civ. P. 62, a stay in this action pending appeal is respectfully requested. A stay is requested because Plaintiffs' right to due process of law has been violated by the court's January 27, 2010 Order.

Under the Federal Rules of Civil Procedure, motions to stay are evaluated within the analytical framework of a continuum.

> See, Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. Unit A, 1981), see, United States v. Hamilton, 963 F.2d 322, 323 (11th Cir. 1992) (following Ruiz); Garcia-Mir v. Meese, 781 F. 2d, 1450, 1453 (11th Cir. 1986) (same). See also, Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983) (discussing the "continuum" on which stays are evaluated, and stating: 'At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. [T]he relative hardship to the parties is the critical element in deciding at which point along the continuum a stay is justified.") (citations and internal quotations omitted); 16A Wright, Miller 7 Cooper, Federal Practice and Procedure, at §3954 ("If the balance of hardships tips decidedly in favor of the party seeking a stay, it may be sufficient showing on the merits to show the existence of serious legal questions.") (citing cases).

Id.

The following clear violations of Plaintiffs' rights have been caused by the decision at Docket no. 180:

a)  "The Federal Magistrate's Act provides that a district court, when reviewing a Magistrate judge's report and recommendation, <u>shall make a de novo determination of</u> those portions of the report of specified proposed findings or recommendations to which objection is made," 28 U.S.C. §636(b)(1); <u>Wojcicki v. Aiken Technical College</u>, Case No. 08-1469, January 14, 2010, 4th Circuit Court of Appeals. (Emphasis added.)

"As part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue." <u>Id.</u>

In the instant case, objections at Exhibit A were raised to the following issues:

1. Racial discrimination claim under 42 U.S.C. §1981 and 1982;
2. Securities Act Claim;
3. Federal Communications Act, 47 U.S.C. §310(d);
4. Breach of Fiduciary Duty;
5. Improvident Lending;
6. Good Faith and Fair Dealing;
7. Tortious Interference;
8. Whistleblower Claim; and
9. Dismissal under Fed. R. Civ. P. 19

Specific grounds are set forth to support each of the above objections. Notwithstanding these objections and the specific de novo requirement under 28 U.S. C. §636, the January 27, 2010 Order merely rubberstamps the Report and Recommendation. This is a blatant denial of due process of law. Accordingly, the Order should be stayed pending appeal.

b.) The January 27, 2010 Order erroneously states that "Plaintiffs have initiated numerous actions before this Court as well as other tribunals." This statement is clearly erroneous. The Plaintiffs in this action are Dr. Glenn Cherry, Charles W. Cherry II and Group Assets, LLC. Of the cases mentioned in footnote 3 of the January 27, 2010 Order

3

the only actions instituted by Dr. Cherry are the action against the Federal Communications Commission, which seeks records under the Freedom of Information Act, a right available to all American citizens, and the filing of a demonstrably meritorious complaint with the Federal Communications Commission, which resulted in Defendant D.B. Zwirn Special Opportunities Fund, L.P. entering a consent decree to avoid serious FCC sanctions. None of the other cases mentioned in footnote 3 were instituted by the Plaintiffs here, and Dr. Cherry is the only petitioner in the FCC case.

This clear error on the Court's part taints the remainder of the analysis that flows from it. Plaintiffs have not instituted numerous actions. Plaintiffs have instituted one action – this one – and have been continually denied due process of law. Plaintiffs have not been permitted to engage in discovery and the local rules concerning transferring cases have been ignored, all in an effort to force Plaintiffs, American citizens with cognizable rights at stake, to simply go away.

c.) In the Court's August 21, 2009 Order, Docket no. 126, the Court unfairly prejudged this case and relied upon Judge Scheidlin's April 28, 2008 Order in Case No. 08-CV-3125. Judge Scheidlin, who acknowledged that her court had no jurisdiction in the matter, issued an unlawful advisory opinion that included numerous factual and legal misstatements. It is interesting to note that D.B. Zwirn Special Opportunities Fund, L.P. removed an action involving the communications issue involved here to federal court in Jacksonville, and the court determined that it has subject matter jurisdiction. When the same dispute was removed to federal court in New York, the result was Judge Scheidlin's remand order. Why does federal jurisdiction exist for D.B. Zwirn but not the Cherrys?

It is curious that on August 21, 2009, Docket no. 126, accuses the Plaintiffs of delay tactics drawing from Judge Scheidlin's earlier order, in a case where the Plaintiffs were not even parties. It makes no sense whatsoever for Plaintiffs to delay here; they are the plaintiffs, not defendants.

To summarize: the January 27, 2010 Order is an egregious violation of Plaintiffs' rights to due process and is based on a tortured interpretation of history and the record. For these reasons, it is respectfully requested that it be stayed pending appeal.

/s/Charles W. Cherry II, Esq.
Charles W. Cherry II, Esq.
5200 SW 18th St.
Plantation, FL 33317
Facsimile: (954) 583-9667
CCherry2@gmail.com

Of counsel:
PERCY SQUIRE (0022010)
PERCY SQUIRE CO., LLC
514 S. High Street
Columbus, Ohio 43215
Telephone: (614) 224-6525
Facsimile: (614) 224-6529
psquire@sp-lawfirm.com
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the parties on the attached service list as indicated by electronic mail via the Court's Electronic Document Filing System February 1, 2010.

*/s/Charles W. Cherry II, Esq.*
Charles W. Cherry II, Esq.