UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY, CHARLES W.
CHERRY, ESQ., and GROUP ASSETS,
LLC,

        Plaintiffs,

v.

        CASE NO.: 8:09-CV-0033-T-33-VHC/EAJ

D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P., et al.

        Defendants.

_____/

## TAMA'S MEMORANDUM IN OPPOSITION TO
## THE MOTION OF PLAINTIFFS TO STAY PENDING APPEAL

Defendant Tama Broadcasting, Inc. ("**Tama**"), through counsel and pursuant to the Federal Rules of Civil Procedure, files this memorandum in opposition to the Motion of Plaintiffs Dr. Glenn W. Cherry, Charles W. Cherry II and Group Assets, LLC ("**Plaintiffs**") to Stay Pending Appeal ("**Motion to Stay**"). For the reasons stated in this Memorandum, the Motion to Stay should be denied.

In the Motion to Stay, Plaintiffs request that this Court stay its January 27, 2010 Order (Doc. # 180) (the "**Order**") adopting, confirming and approving the report and recommendation of United States Magistrate Judge Elizabeth A. Jenkins (Doc. # 173), granting four separate motions to dismiss by various Defendants, dismissing the case with prejudice, and directing the Clerk to terminate any pending motions and enter judgment in favor of Defendants.

In considering the Motion to Stay, it is important to consider that the Order does not grant, dissolve or deny an injunction (*see* Rule 62(c), *Federal Rules of Civil Procedure*), nor does it involve a money judgment that any of the parties might seek to enforce (*see* Rule 62(b),

*Fed. R. Civ. P.*). In other words, the Order does not appear to fit into subsection (b) or (c) (or any other sub-section) of Rule 62.

Not surprisingly, the Plaintiffs cite Rule 62 generally, and without any reference to any subsection of Rule 62, as the basis for the Motion to Stay. In fact, there appears to be no basis in Rule 62 to stay the Order and there certainly is no argument by the Plaintiffs in the Motion to Stay as to how Rule 62 applies.

Instead, the Plaintiffs base the Motion to Stay on what appear to be arguments, albeit factually and legally incorrect, that the Order is procedurally or substantively flawed. The Plaintiffs make the following arguments that, again while factually and legally incorrect, may be more appropriate as the subjects of an appellate brief than as the subject of the Motion to Stay:

1) The Order violates Plaintiffs' "rights to due process and is based on a tortured interpretation of history and the record." Motion to Stay at 5.

2) "[A] stay is requested because plaintiffs' right to due process of law has been violated by the [Order]." Motion to Stay at 2.

3) The Court did not conduct a de novo review of the motions at issue but rather the Order "merely rubberstamps the Report and Recommendation." Motion to Stay at 3.

4) The Order mistakenly concludes that the Plaintiffs initiated numerous actions before this Court and other tribunals and that this "clear error on the Court's part taints the remainder of the analysis." Motion to Stay at 3-4.

5) The Court "unfairly prejudged this case" based upon the United States District Court for the Southern District of New York's April 28, 2008 Order in Case No. 08-CV-3125-SAS, *D.B. Zwirn Special Opportunities Fund, L.P. v. Tama*

*Broadcasting Inc.*, Case No. 08-CV-3125-SAS, 2008 WL 1862638 (S.D.N.Y. Apr. 28, 2008), in which the New York court reprimanded the Cherrys and Mr. Squire (who at that time respectively controlled and represented Tama). *See* Motion to Stay at 4.

6) The Court's August 21, 2009 Order (Doc. # 126) requiring the parties to show cause why this case should not be transferred to the Supreme Court of the State of New York "is curious" and wrongly accuses plaintiffs of "delay tactics." Motion to Stay at 5.

In contrast to these appellate arguments, the Motion to Stay does not even attempt to address the Plaintiffs "heavy burden" of establishing that a stay pending appeal is appropriate in this case. *See Winston-Salem/Forsyth County Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers) (stay under Rule 62(c) is considered "extraordinary relief" for which the moving party bears a "heavy burden"). In determining whether to grant a stay pending resolution of an appeal, courts must examine the following factors: (1) whether the applicants have made a strong showing that they are likely to prevail; (2) whether the applicants will be irreparably injured if a stay is not granted; (3) whether granting the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, (1987); *United States v. Bogle*, 855 F.2d 707, 708 (11th Cir.1988). Because the Motion to Stay fails to address the applicable burden and the applicable factors to determine whether a stay should be issued, the Motion to Stay should be denied.

Based on the foregoing, Tama Broadcasting, Inc. respectfully requests that this Court deny the Motion to Stay and grant such other and further relief this Court deems necessary and appropriate.

DATED:  February 10, 2010                    Respectfully Submitted,


By: */s/ J. Carter Andersen*
   J. Carter Andersen
   Florida Bar No. 0143626
   candersen@bushross.com
   Meredith A. Freeman
   Florida Bar No. 0771651
   mfreeman@bushross.com
   BUSH ROSS, P.A.
   P.O. Box 3913
   Tampa, FL 33601-3913
   Tel:  (813) 224-9255
   Fax: (813) 223-9620
   *Attorneys for Defendant Tama Broadcasting, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:   None.

   */s/ J. Carter Andersen*
   Attorney


742214.01